UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| I LOVE OMNI, LLC, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-2410-G |
| OMNITRITION INTERNATIONAL, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the third-party defendants, Terry LaCore

("LaCore") and Jennifer Grace ("Grace"), to dismiss the claims brought against them

by the defendant and the counter-plaintiff, Omnitrition International, Inc.

("Omnitrition"), pursuant to FED. R. CIV. P. 12(b)(6), or alternatively for a more

definite statement pursuant to Rule 12(e) (docket entry 23).  For the reasons stated

below, the motion is granted in part and denied in part.

### I.  BACKGROUND

#### A.  Factual Background

On November 23, 2016, Omnitrition filed a counterclaim against the plaintiff

and counter-defendant, Heidi Whitehair ("Whitehair"), and added various third-

party defendants, including Grace and LaCore.  Counterclaim Against Whitehair and Third-Party Complaint ("Counterclaim") (docket entry 13).  Omnitrition alleges two claims against LaCore and Grace:  (1) conspiracy and (2) aiding and abetting.  *See* Counterclaim at 12.  The court provided an overview of Omnitrition and its business practices in a recent memorandum opinion and order.  *See* Memorandum Opinion and Order of March 17, 2017 at 2-3 (docket entry 26).  Accordingly, only the facts relevant to Omnitrition's claims against Grace and LaCore are discussed here.

In 1999, Whitehair entered into both a distributorship agreement and a non-compete agreement ("NCA") with Omnitrition while working as a distributor and an independent marketing associate ("IMA").  Counterclaim ¶¶ 10-11.  Whitehair agreed not to compete for two months after the termination of her status as an IMA and:

> for a period of one (1) year from termination of Distributor's status as an Omnitrition IMA, the Distributor will not, directly or indirectly (*i.e.*, through its agents, employee, partners, spouse, or dependents), solicit, recruit, contact, or otherwise attempt to do business with, individuals who were customers or IMA's of Omnitrition as of the date of the termination, for any reason, of the Distributor's status as an Omnitrition Distributor IMA.

*Id.* ¶ 11.

Omnitrition alleges that Whitehair sought to violate the NCA and conspired to "leave Omnitrition and raid Omnitrition customers and IMAs."  *Id.* ¶ 12.  In 2014, Whitehair organized an entity named Innov8U, LLC.  *Id.*  Later, Whitehair began

- 2 -

working with former Omnitrition distributor, James Tackett ("Tackett"), to create a "blind ad" to recruit individuals to work for Whitehair's new venture. See *id.* ¶¶ 13, 19. In the spring of 2016, Whitehair made disparaging comments about Omnitrition to other IMAs such as "Omnitrition is going under" or that the IMA should stop sponsoring for Omnitrition. *Id.* ¶¶ 21-23.

On August 6, 2016, Whitehair's distributorship with Omnitrition was terminated. *Id.* ¶ 25. On August 9, 2016, Whitehair formed a new business, Innov8tive Nutrition, Inc. ("Innov8tive"). *Id.* ¶ 26. Both Grace and LaCore are directors of Innov8tive and Tackett is a promoter. *Id.* Innov8tive sells nutritional products, which are "knockoffs and compete with Omnitrition's products." *Id.* ¶ 29. Innov8tive's products are supplied by LaCore Labs, LLC, an entity for which Grace serves as secretary and LaCore as director. *Id.*

To grow her new business, Whitehair has continued to solicit Omnitrition's customers and IMAs. See *id.* ¶ 27. For example, Whitehair announced to Omnitrition's IMAs that she was having a launch party and a ten-city national tour in October 2016. *Id.* ¶¶ 27-28. On August 22, 2016, Omnitrition sent a cease and desist letter requesting that Whitehair cease contacting Omnitrition customers and IMAs as required by the NCA. *Id.* ¶ 30. Whitehair has failed to comply. *Id.*

- 3 -

B.  Procedural Background

On November 23, 2016, Omnitrition filed a counterclaim against various defendants including LaCore and Grace.  *See* Counterclaim.  On February 14, 2017, Grace and LaCore filed the instant motion to dismiss or alternatively for a more definite statement.  Motion to Dismiss Counterclaim or Alternatively Motion for a More Definite Statement (docket entry 23).  On March 7, 2017, Omnitrition filed a response.  Response and Objection to Motion to Dismiss (docket entry 25).  Grace and LaCore did not file a reply.  The motion is now ripe for decision.

II.  ANALYSIS

A.  Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss.  *Id.* at 678.  The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P.

- 5 -

8(a)(2)).  The court, drawing on its judicial experience and common sense, must

undertake the "context-specific task" of determining whether Omnitrition's

allegations "nudge" its claims against Grace and LaCore "across the line from

conceivable to plausible."  See *id.* at 679, 683.

## B.  Omnitrition's Claim for Civil Conspiracy

The elements of a claim of civil conspiracy, under Texas law, are "(1) a

combination of two or more persons; (2) an object to be accomplished (an unlawful

purpose or a lawful purpose by unlawful means)[;] (3) a meeting of minds on the

object or course of action; (4) one or more unlawful, overt acts; and (5) damages as

the proximate result."  *Insurance Company of North America v. Morris*, 981 S.W.2d 667,

675 (Tex. 1998).  In Texas, "civil conspiracy requires specific intent."  *Triplex*

*Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995).

> There must be an agreement or understanding between the
> conspirators to inflict a wrong against, or injury on,
> another, a meeting of minds on the object or course of
> action, and some mutual mental action coupled with an
> intent to commit the act which results in injury; in short,
> there must be a preconceived plan and unity of design and
> purpose, for the common design is of the essence of the
> conspiracy.

See *Morris*, 981 S.W.2d at 675 (quoting *Schlumberger Well Surveying Corporation v.*

*Nortex Oil & Gas Corporation*, 435 S.W.2d 854, 857 (Tex. 1968)).

The court finds that Omnitrition has not sufficiently pled the existence of a

conspiracy because Omnitrition "has failed to allege a preconceived plan or a time

and place at which [Grace, LaCore,] and other defendants had a meeting of the minds regarding the object of the conspiracy." *Samsung Electronics America, Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 2017 WL 635031, at *13 (N.D. Tex. Feb. 16, 2017) (Fitzwater, J.). It is true that Omnitrition has alleged that Grace and LaCore both participate in Whitehair's new business, Innov8tive. *See* Counterclaim ¶¶ 26, 29. However, merely working with Whitehair and Innov8tive is insufficient to show a conspiracy to commit tortious interference and/or misappropriation of trade secrets.[1] See *Berry v. Indianapolis Life Insurance Company*, 608 F. Supp. 2d 785, 794 (N.D. Tex. 2009) (Boyle, J.). In order to state a claim for conspiracy, Omnitrition must allege factual allegations connecting the actions of Grace and LaCore to a pre-conceived plan with Whitehair to tortiously interfere with Omnitrition's business and contracts and/or misappropriate Omnitrition's trade secrets.[2] While it is conceivable that such a plan existed, Omnitrition's allegations -- in their current state -- do not

---

[1]     Omnitrition also alleges that in the spring of 2016, Tackett, on behalf of Whitehair, Grace, and LaCore, approached the principals of Omnitrition regarding a "motivated" potential purchaser. *See* Counterclaim ¶¶ 14, 19. However, the counterclaim does not describe how Tackett's actions are part of a pre-conceived plan among Grace, LaCore, and Whitehair to commit tortious interference with contract and/or misappropriation of trade secrets.

[2]     Omnitrition also details how Grace and LaCore had worked together in the past. See Counterclaim ¶¶ 16-18. However, again, Omnitrition does not connect the prior work history of Grace and LaCore to any pre-conceived design with Whitehair.

cross the line from conceivable to plausible. Thus, the third-party defendants'
motion is granted as to Omnitrition's conspiracy claim.

### C. Omnitrition's Claim for Aiding and Abetting

As to the aiding and abetting claim, Omnitrition has not pled facts showing
that Grace or LaCore acted with "*unlawful intent* to give substantial assistance and
encouragement to a wrongdoer in a tortious act." See *West Fork Advisors, LLC v.
SunGard Consulting Services, LLC*, 437 S.W.3d 917, 921 (Tex. App.--Dallas 2014, pet.
denied) (emphasis added) (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.
1996)). Omnitrition has clearly alleged that Grace and LaCore assisted Whitehair
with Innov8tive. Counterclaim ¶¶ 29, 53. However, Omnitrition must allege facts --
not mere conclusions -- showing that Grace and LaCore intended to assist Whitehair
in her conduct that is the basis for Omnitrition's tortious interference and/or
misappropriation of trade secrets claims against Whitehair. See *Janvey v. Proskauer
Rose LLP*, No. 3:13-CV-0477-N, 2015 WL 11121540, at *6-8 (N.D. Tex. June 23,
2015) (Godbey, J.). The court cannot reasonably infer that Grace and LaCore
assisted Whitehair in committing the specific torts at issue with unlawful intent.
Thus, the third-party defendants' motion is granted as to Omnitrition's aiding and
abetting claim.

D. <u>Motion for a More Definite Statement</u>

Alternatively, Grace and LaCore seek for Omnitrition to file and serve a more definite statement pursuant to Rule 12(e).  When a party moves for a more definite statement, "the court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).  Federal Rule of Civil Procedure 8(a)(2) simply requires that a claimant give "a short and plain statement of the claim showing that the pleader is entitled to relief," and *Twombly* and *Iqbal* have interpreted "short and plain" to mean that the plaintiff must plead enough facts to state a claim that is "plausible on its face." FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  While Omnitrition's counterclaim has various deficiencies, the court does not believe that it is so vague that Grace and LaCore cannot reasonably respond to it.  Thus, the motion for a more definite statement is denied.

III. <u>CONCLUSION</u>

For the reasons stated above, the third-party defendants' motion to dismiss is **GRANTED**.  However, their motion for a more definite statement is **DENIED**.  Omnitrition shall have leave to amend its counterclaim to cure these pleading defects, if it can, provided the amended counterclaim is filed and served no later than **April 18, 2017**.

- 9 -

**SO ORDERED**.

April 6, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**